**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **B.P. and H.P.**

**No. 21-0107** (Kanawha County 20-JA-84 and 20-JA-85)

**MEMORANDUM DECISION**

Petitioner Mother S.D., by counsel Benjamin Freeman, appeals the Circuit Court of Kanawha County's January 5, 2021, order terminating her parental rights to B.P. and H.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Sandra K. Bullman, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could substantially correct the conditions of neglect or abuse in the near future and in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner's substance abuse negatively affected her ability to parent B.P. and H.P., then ages one and two years old respectively. The DHHR's involvement with the children began after petitioner sent a message to her neighbor that said "[c]heck on me when you get home to make sure I'm alive." The DHHR alleged that the neighbor went to petitioner's home and observed that she was "incapacitated" and unable to hold a conversation. The individual took custody of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the children until petitioner regained her ability to care for them. The DHHR alleged that petitioner admitted to using methamphetamine and Suboxone intravenously and fresh injection sites were observed on her arms. Although the DHHR offered to implement an in-home safety plan for the children, petitioner refused to participate in the requisite services. The DHHR also alleged that the children had unexplained bruising. The children were removed from her care. Petitioner later waived her preliminary hearing. The circuit court ordered that the DHHR initiate supervised visitations between petitioner and the children subject to clean drug screenings.

The circuit court held two adjudicatory hearings in July of 2020 and August of 2020. At the July hearing, the DHHR presented the testimony of two DHHR workers, who testified consistent with the allegations in the petition. Thereafter, petitioner moved to continue the remainder of the adjudicatory hearing and moved to be appointed a guardian ad litem. The circuit court granted both motions. At the August of 2020 hearing, petitioner testified and denied that she used controlled substances or sent the text message as alleged in the petition. Ultimately, the circuit court found that petitioner's testimony was not credible based upon the text message referenced in the petition, which had been admitted as evidence. The circuit court adjudicated petitioner as an abusing parent and the children as abused and neglected children.

The circuit court held a dispositional hearing in November of 2020. The DHHR presented testimony and a court summary in support of its position to terminate petitioner's parental rights. According to the DHHR, although petitioner was offered parenting and adult life skills classes, supervised visitation, random drug screening, and a psychological evaluation, she failed to participate in those services. Notably, the visitation supervisor attempted to contact petitioner but was unable to reach her. At an earlier date, petitioner represented that she was participating in a substance abuse treatment program in Huntington, West Virginia. However, the DHHR attempted to obtain petitioner's records from that program, and there was no record that she had attended.

Petitioner testified that the DHHR did not receive her records because she did not sign a medical release. However, she insisted that she had the medical records on her person.[2] Petitioner vaguely asserted that the COVID-19 pandemic had restricted her ability to participate in services, but she provided no examples of how it had hindered her progress. In contrast, she asserted that she was suffering from a cold for less than one week and stated that the cold had hindered her in obtaining a renewed bus pass.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future as she had done "absolutely nothing to show that she [was] ready, willing, and able to be a parent" for the children. The circuit court further found that the DHHR had made reasonable efforts to reunify the family, but petitioner had not participated in the services that had been offered. Finally, the circuit court concluded that it was in the children's best interests to terminate petitioner's

---

[2]Due to the COVID-19 pandemic, the November 9, 2020 hearing was held remotely, and the documents petitioner allegedly had on her person were not presented or admitted as evidence.

parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its January 5, 2021, order. Petitioner now appeals this order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and in terminating her parental rights. She asserts that she was not afforded a meaningful opportunity to participate in services due to the COVID-19 pandemic and the resultant limitation of government and private businesses. Petitioner emphasizes the timeline of the proceedings, which totaled eight months from the filing of the petition in February of 2020 until the dispositional hearing in November of 2020, and argues that her deep-seated parenting issues could not be remedied in this relatively brief period of time. Upon our review of the record, we disagree.

West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. West Virginia Code § 49-4-604(d) sets forth that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future when the parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Notably, West Virginia Code provides that such conditions exist when

---

[3]According to the parties, the children's biological father participated in services offered by the DHHR, and the children were returned to his custody. They have achieved permanency therein.

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

W. Va. Code § 49-4-604(d)(3).

Here, the circuit court found that petitioner failed to follow through with rehabilitative services designed to remedy the conditions of neglect or abuse, and this finding is fully supported by the record presented to this Court. Notably, petitioner's argument on appeal that the COVID-19 pandemic hindered her participation in services is not supported by a single citation to the record. Likewise, a close reading of petitioner's testimony does not support this argument. Petitioner offered no reasonable explanation, related to the COVID-19 pandemic or otherwise, for her failure to participate in random drug screenings, parenting and adult life skills classes, or even supervised visitations with her children. We have previously noted and we reiterate here that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Based on petitioner's failure to participate in any of the services offered, we find the circuit court's finding is not clearly erroneous and supports its decision to terminate petitioner's parental rights.

Petitioner also argues that the circuit court erred in declining to impose a less-restrictive dispositional alternative rather than terminating her parental rights. Petitioner's argument hinges on the father's retention of his parental rights. Interestingly, the father had no difficulty participating in and completing services during the proceedings below, despite the COVID-19 pandemic. Nevertheless, petitioner's argument that she should have retained her parental rights because the father had regained custody of the children is not persuasive. This Court has held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*. Thus, it is inconsequential to petitioner's parental rights that the father has regained custody of the children. Petitioner neglected the children due to her substance abuse and the circuit court found that there was no reasonable likelihood that she would substantially correct the conditions of neglect or abuse.

Moreover, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood

4

under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The requisite findings are fully supported by the record on appeal. Therefore, the circuit court was within its discretion to terminate petitioner's parental rights, rather than impose a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 5, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: June 22, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton